UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ESTEBAN ABREGO-CERNA, | ) |
| | ) |
| *Petitioner,* | ) |
| | ) Cause No. 1:18-cv-731 RLM-DML |
| v. | ) (Arising from 1:17-cr-83 RLM-TAB) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| *Respondent.* | ) |

OPINION and ORDER

Esteban Abrego-Cerna, a Mexican citizen, reentered the United States after having been deported twice before. He was caught in the United States with heroin and incurred his second conviction in the United States for felony drug dealing. He pleaded guilty to illegal reentry with an aggravated felony conviction, 8 U.S.C. §§ 1326(a) and 1326(b)(2), and was sentenced to a term of 41 months' imprisonment. Although he waived the right to challenge his conviction and sentence on appeal or in post-conviction proceedings in his plea agreement, Mr. Abrego-Cerna is now before the court requesting that the court vacate his sentence under 28 U.S.C. § 2255 [Doc. No. 37]. For the following reasons, the court denies Mr. Abrego-Cerna's motion.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed:

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to

relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Mr. Abrego-Cerna's motion can be resolved without a hearing. *See* Bruce v. United States, 256 F.3d 592, 597 (7th Cir. 2001); Daniels v. United States, 54 F.3d 290, 293 (7th Cir. 1995).

Mr. Abrego-Cerna presents three grounds in support of his 2255 petition to vacate and sentence: (1) that he should have been placed in the fast-track program;[1] (2) that his poor English proficiency hindered his ability to fully understand the proceedings against him; and (3) that his attorney provided him ineffective assistance of counsel because he told Mr. Abrego-Cerna he would get a lower sentence.[2]

### A. *Appeal Waiver*

Mr. Abrego-Cerna's plea agreement, signed by Mr. Abrego-Cerna, his attorney Joseph Cleary, Assistant United States Attorneys James Warden, and

---

[1] The Department of Justice's fast-track program provides a United States attorney with the discretion to recommend a two or four level downward departure pursuant to U.S.S.G. § 5K3.1 for a defendant charged with illegal reentry who promptly pleads guilty and is otherwise eligible for the program. United States v. Castro-Alvarado, 755 F.3d 472, 475 (7th Cir. 2014).

[2] To the extent Mr. Abrego-Cerna also tries to argue that the court should have given him credit for the seven months that he spent in a county jail, presumably while awaiting the completion of his federal proceedings, a district court has no authority to give a defendant credit for time served prior to sentencing; "it is the Attorney General, acting through the BOP, and not the sentencing court, that computes the credit due [for time served prior to sentencing]." United States v. Walker, __ F.3d __, No. 18-2825, 2019 WL 1104770, at *3 (7th Cir. Mar. 11, 2019) (quoting United States v. McGee, 60 F.3d 1266, 1272 (7th Cir. 1995)) (quotation marks omitted).

the U.S. Attorney's office's chief of the criminal division Winfield Ong, contains the following language:

> the Defendant expressly agrees not to contest, or seek to modify, the Defendant's conviction or sentence or the manner in which either was determined in any proceeding, including but not limited to, an action brought under 18 U.S.C. § 3582 or 28 U.S.C. § 2255. . . . As concerns the Section 2255 waiver, the waiver does not encompass claims, either on direct or collateral review, that the Defendant received ineffective assistance of counsel.

[Doc No. 19 at ¶ 23].

A court "will enforce an appeal waiver in a plea agreement if the terms of the waiver are clear and unambiguous and the defendant knowingly and voluntarily entered into the agreement." United States v. Worden, 646 F.3d 499, 502 (7th Cir. 2011). "To bar collateral review, the plea agreement must clearly state that the defendant waives his right to collaterally attack his conviction or sentence in addition to waiving his right to a direct appeal." Keller v. United States, 657 F.3d 675, 681 (7th Cir. 2011) (italics omitted). "[A] defendant's freedom to waive his appellate rights includes the ability to waive his right to make constitutionally-based appellate arguments" and "preclude appellate review even of errors that are plain in retrospect." United States v. Smith, 759 F.3d 702, 707 (7th Cir. 2014).

Mr. Abrego-Cerna declared that he was "freely and voluntarily pleading guilty in this case," [Doc No. 19 at ¶ 27(g)], and swore under oath at the change of plea hearing that he understood that he was giving up the right to appeal or bring a Section 2255 challenge, unless it he was pursuing an ineffective assistance of counsel claim. [Doc. No. 39 at 10]. His sworn statements at the

change of plea hearing are presumed truthful. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The waiver was knowing and voluntary, so the waiver "must be enforced," Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008), and the court can't reach the merits of Mr. Abrego-Cerna's arguments that he should have been placed in the fast-track program and that his poor English proficiency hindered his ability to fully understand the proceedings against him.[3]

*B. Ineffective Assistance of Counsel Claim*

The plea agreement's appeal waiver contains an exception that allows Mr. Abrego-Cerna to challenge his sentence in a § 2255 petition based on ineffective assistance of counsel. Mr. Abrego-Cerna presents a claim not barred by the

---

[3] Even if the court could reach the merits of Mr. Abrego-Cerna's claims barred by his plea agreement's appeal waiver, he couldn't succeed on those claims. Mr. Abrego-Cerna's argument that he should have been placed in the fast-track program can't succeed because the U.S. Attorney has discretion deny a defendant the opportunity to participate in the program based on a defendant's criminal record and Mr. Abrego-Cerna's drug trafficking convictions made him ineligible for the program. *See* Palacios-De Paz v. United States, No. 116CV03318SEBMPB, 2018 WL 1410194, at *2 (S.D. Ind. Mar. 21, 2018); Memorandum for All U.S. Attorneys from James M. Cole, Deputy Attorney Gen., on Dep't Policy on Early Disposition or "Fast-Track" Programs (January 31, 2012), https://www.justice.gov/sites/default/files/dag/legacy/2012/01/31/fast-track-program.pdf. And Mr. Abrego-Cerna's contention that his limited knowledge of English hindered his ability to understand the proceedings against him would fail because an interpreter interpreted the change of plea and sentencing hearings for him; he told the court that he was able to follow the interpreter without issue; he stated under oath that the indictment, the plea agreement, and the presentence investigation report were read to him in Spanish; he responded clearly to all the questions posed to him; and he doesn't point to anything in the record suggesting he was unable to comprehend the proceedings. *Cf.* United States v. Febus, 218 F.3d 784, 792 (7th Cir. 2000), as amended on denial of reh'g and reh'g en banc (Oct. 17, 2000) (reviewing the factors a court considers when determining whether a defendant's difficulty with English affected the defendant's ability to comprehend court proceedings).

waiver in his plea agreement: that his attorney provided him ineffective assistance of counsel because he promised Mr. Abrego-Cerna he would get a lower sentence.

The Sixth Amendment guarantees criminal defendants the right to constitutionally sufficient representation by an attorney. Strickland v. Washington, 466 U.S. 668, 687 (1984). To prevail on an ineffective assistance of counsel claim, Mr. Abrego-Cerna must show both that his attorney's performance "fell below an objective standard of reasonableness" and that there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. Id. at 687–688. This is a difficult standard to meet: Mr. Abrego-Cerna must show both "that counsel made errors so serious that 'counsel' was not functioning as the counsel guaranteed the defendant by the Sixth Amendment" and "that counsel's errors were so serious as to deprive [Mr. Abrego-Cerna] of a fair [result]." Strickland v. Washington, 466 U.S. at 687.

Beginning with the performance prong of the Strickland inquiry, there is a strong presumption that counsel performed effectively. *See* Berkey v. United States, 318 F.3d 768, 772 (7th Cir. 2003). "A court's scrutiny of an attorney's performance is 'highly deferential' to eliminate as much as possible the distorting effects of hindsight, and we 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' " Vinyard v. United States, 804 F.3d at 1225 (quoting Strickland v. Washington, 466 U.S. at 687). Because reviewing courts shouldn't second-guess counsel's strategic choices, the burden of showing that counsel's decisions fell outside the

5

wide range of reasonable strategic choices "rest[s] squarely on the defendant." Burt v. Titlow, 571 U.S. 12, 22–23 (2013).

"Even if counsel's performance was deficient, a petitioner must also show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' meaning 'a probability sufficient to undermine confidence in the outcome.' " Eckstein v. Kingston, 460 F.3d 844, 848 (7th Cir. 2006) (quoting Strickland v. Washington, 466 U.S. at 694). "To establish prejudice in the pleading context, the petitioner must prove that there is a reasonable probability that he would not have pled guilty absent his attorney's deficient conduct." Hutchings v. United States, 618 F.3d 693, 697 (7th Cir. 2010) (citing Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

Mr. Abrego-Cerna argues that his attorney provided ineffective assistance because his attorney promised him a lower sentencing range.[4] In his petition, Mr. Abrego-Cerna asserts that "a[t] one point my lawyer told me th[at] I was going to get a lower sentence than 41 months[' imprisonment]" and says that his attorney told him he was going to get a 24 to 36 month sentence. Mr. Abrego-

---

[4] To the extent Mr. Abrego-Cerna tries to separately argue that his attorney was ineffective because he "tricked" him into signing the plea agreement before confirming a 24 to 36 month sentencing range with the government, his claim can't succeed because it's unsupported, undeveloped, and duplicative of his argument that his attorney promised him a lower sentence. See Rodriguez v. United States, 286 F.3d 972, 986 (7th Cir. 2002), as amended on denial of reh'g and reh'g en banc (May 21, 2002); Gibson v. United States, 779 F. Supp. 2d 760, 766 (N.D. Ill. 2011). And even if Mr. Abrego-Cerna could succeed on the performance program, he makes no argument that he would have gone to trial if not for his attorney's ineffective assistance, so he can't show prejudice. Hutchings v. United States, 618 F.3d at 697.

Cerna can't prevail on this claim because it contradicts his sworn statements at the change of plea hearing and he provides no explanation for this contradiction.

After the government summarized the contents of the plea agreement at the change of plea hearing, the court had this exchange with Mr. Abrego-Cerna:

> THE COURT: Mr. Abrego, is that how you understood [the plea agreement]?
> THE DEFENDANT: Yes, Your Honor.
> THE COURT: Is there anything that was said that didn't sound right to you that you didn't think you had agreed to?
> THE DEFENDANT: No, everything is fine.
> THE COURT: Is there anything that was not said that you think was promised to you?
> THE DEFENDANT: No.
> THE COURT: So this is the whole agreement, what we've been talking about?
> THE DEFENDANT: Yes, sir.

[Doc. No. 39 at 7].

Later in the colloquy, the court discussed the sentencing guidelines and the court's process for deciding a sentence with Mr. Abrego-Cerna:

> THE COURT: Now the sentencing guidelines are going to play a part in the sentencing decision here. Those will make me answer a series of questions, and once I've answered those questions, the guidelines will recommend a sentencing range that will be much narrower than that zero to 20 years that the law allows. I don't have to pick a sentence that the guidelines recommend. I have to find a reasonable sentence, but I'm going to look first in that range that the guidelines recommend. So ultimately, I can impose any sentence, any reasonable sentence, from zero to 20 years, but I'll start looking for that reasonable sentence within the range that the guidelines recommend. Is that how you understand the process?
> THE DEFENDANT: Yes, sir.
> THE COURT: Now your plea agreement, on pages 9 and 10, sets forth your understanding as to how the guidelines will play out in your case, at least with respect to the offense level. So I assume you and [your attorney] have talked about the guidelines and tried to get a feel as to how they might play out in your case; am I correct?
> THE DEFENDANT: Yes, sir.
> THE COURT: And I'm sure [the government] has done the same

> thing. They know, and I want to be sure that you understand, that nobody can say for sure how I'm going to answer these questions. My answers to the questions might be exactly what someone expects or they might be different from what someone expects, maybe very different. But nobody would have the right to withdraw from the plea agreement just because my answers were not what they expected. Is that how you understand that?
> THE DEFENDANT: Yes, sir.

[Doc. No. 39 at 8–9].

Mr. Abrego-Cerna swore under oath that no one made him any promises beyond those memorialized in the plea agreement. He also swore that he understood that the court would calculate the guidelines' sentencing range, that he understood that the court's calculation might be different from what he or his attorney were expecting, and that he understood that the court was free to impose any sentence between zero and twenty years.

Mr. Abrego-Cerna's sworn statements at the change of plea hearing are presumed truthful. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). And "a defendant is normally bound by the representations he makes to a court during [a change of plea] colloquy . . . [because j]ustice would be ill-served, and the utility of the Rule 11 colloquy would be undermined, by allowing [a defendant] to renege on his representation under oath to the district court." Hutchings v. United States, 618 F.3d at 699. So, "a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction." Bethel v. United States, 458 F.3d 711, 719 (7th Cir. 2006) (quoting United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005)). Mr. Abrego-Cerna provides no explanation for the contradiction between his sworn

statements at the change of plea hearing and his claim of ineffective assistance in his § 2255 petition. Accordingly, Mr. Abrego-Cerna can't show that his attorney's performance was deficient.

Even if Mr. Abrego-Cerna could demonstrate that his attorney's assistance failed the performance prong of Strickland v. Washington, he must also show prejudice. "To establish prejudice in the pleading context, the petitioner must prove that there is a reasonable probability that he would not have pled guilty absent his attorney's deficient conduct." Hutchings v. United States, 618 F.3d at 697 (citing Hill v. Lockhart, 474 U.S. at 59).

Mr. Abrego-Cerna hasn't come forward with any evidence to meet that burden. He doesn't say he wouldn't have pleaded guilty if not for his attorney's allegedly deficient conduct and presents no evidence that he would have insisted on going to trial. Rather, he repeatedly says he simply wants the court to reduce his sentence or give him credit for time served during his federal proceedings. Accordingly, his ineffective assistance of counsel claim can't succeed. *See* Id.

### C. Certificate of Appealability

According to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, a "court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Issuance of a certificate of appealability requires the court to find that Mr. Abrego-Cerna has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). For the reasons stated, Mr. Abrego-Cerna hasn't done so and the court declines to issue a certificate of appealability.

*D. Conclusion*

Based on the foregoing, the court DENIES the motion to vacate, [Doc. No. 37]; and DECLINES to issue a certificate of appealability. The Court DIRECTS the Clerk to docket this order in 1:17-cr-83-RLM-TAB and 1:18-cv-731-RLM-DML.

SO ORDERED

ENTERED:  March 25, 2019 

/s/ Robert L. Miller, Jr.
Judge, United States District Court
Sitting by Designation

Distribution:

ESTEBAN ABREGO-CERNA
10271-028
GREAT PLAINS CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. Box 400
Hinton, OK 73047

Brian L. Reitz
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
brian.reitz@usdoj.gov

James Marshall Warden
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
james.warden2@usdoj.gov